FORM B104 (08/07) — 2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**
United States Trustee for the Central District of California, Region 16

**DEFENDANTS**
Pradeep Singh & Rindi P. Singh

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Office of United States Trustee/Everett L. Green, Esq./3801 University Ave., Ste. 720, Riverside, CA 92501 (951) 276-6990

**ATTORNEYS** (If Known)
Orrock, Popka Fortino Tucker & Dolen/M. Wayne Tucker, Esq./1533 Spruce St., Ste. 100, Riverside, CA 92507

**PARTY** (Check One Box Only)
☐ Debtor   ☒ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to deny discharge under 11 U.S.C. § 727

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[1] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                                            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> Pradeep Singh & Rindi P. Singh || **BANKRUPTCY CASE NO.** <br> 6:14-bk-19919 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Riverside | **NAME OF JUDGE** <br> Scott C. Clarkson |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** <br> See attached sheet | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* |||
| **DATE** <br> 1/9/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Everett L. Green ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Related Adversary Proceedings | | | | | |
|---|---|---|---|---|---|
| **Plaintiff** | **Defendant** | **Adversary Proceeding No.** | **District in which Adversary is Pending** | **Divisional Office** | **Name of Judge** |
| R. Rich | Pradeep Singh & Rindi P. Singh | 6:14-ap-01256 | Central | Riverside | Scott C. Clarkson |
| L. Browning | Pradeep Singh & Rindi P. Singh | 6:14-ap-01289 | Central | Riverside | Scott C. Clarkson |
| J. Bruner | Pradeep Singh & Rindi P. Singh | 6:14-ap-01300 | Central | Riverside | Scott C. Clarkson |
| C. Aguilera | Pradeep Singh & Rindi P. Singh | 6:14-ap-01301 | Central | Riverside | Scott C. Clarkson |
| C. Cooper | Pradeep Singh & Rindi P. Singh | 6:14-ap-01302 | Central | Riverside | Scott C. Clarkson |
| C. Taylor | Pradeep Singh & Rindi P. Singh | 6:14-ap-01304 | Central | Riverside | Scott C. Clarkson |

1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
   ABRAM S. FEUERSTEIN, SBN 133775
2  ASSISTANT UNITED STATES TRUSTEE
   EVERETT L. GREEN, SBN 237936
3  TRIAL ATTORNEY
   UNITED STATES DEPARTMENT OF JUSTICE
4  OFFICE OF THE UNITED STATES TRUSTEE
   3801 University Avenue, Suite 720
5  Riverside, CA 92501
   Telephone:    (951) 276-6990
6  Facsimile:    (951) 276-6973
   Email:        Everett.L.Green@usdoj.gov

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>PRADEEP SINGH and<br>RINDI P. SINGH,<br><br>　　　　　Debtors.<br>―――――――――――――――――<br>UNITED STATES TRUSTEE FOR THE<br>CENTRAL DISTRICT OF CALIFORNIA,<br>REGION 16,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRADEEP SINGH and<br>RINDI P. SINGH,<br><br>　　　　　Defendants. | Case No. 6:14-bk-19919-SC<br><br>Chapter 7<br><br>Adversary No. 6:14-ap-_____<br><br>**COMPLAINT TO DENY DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2), 11 U.S.C. § 727(a)(4), & 11 U.S.C. § 727(a)(5)**<br><br>(Summons To Be Issued) |

-1-

Plaintiff, United States Trustee for the Central District of California, Region 16 ("U.S. Trustee" or "Plaintiff"), hereby alleges as follows:

## JURISDICTION AND VENUE

1. This is an action seeking the denial of discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(4) and 727(a)(5). This complaint arises from bankruptcy case number 6:14-bk-19919-SC currently pending before this Court.

2. Jurisdiction is proper under 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1409(a).

3. This a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (J) and/or (O).

4. The Court entered an order in the bankruptcy case establishing January 9, 2015 as the deadline for the U.S. Trustee to file a complaint objecting to discharge.

## THE PARTIES

5. Plaintiff is the duly appointed United States Trustee for the Central District of California, Region 16, which comprises the judicial district of the Central District of California.

6. Debtors, Pradeep Singh and Rindi P. Singh (collectively, "Defendants") filed a voluntary joint petition for relief under chapter 7 of title 11 of the United States Code, on August 4, 2014 ("Petition Date").

7. Plaintiff is informed and believes and based thereon alleges that Defendants are individuals residing in the State of California and within the Central District of California, Riverside Division. At all relevant times, Defendants conducted business through the Pradeep Singh Corporation, an entity organized and established under the laws of the State of California, doing business as Secure Vision Associates ("SVA")[1] with its principal place of business in Riverside, California.

//
//
//

---

[1] All references to SVA include the Pradeep Singh Corporation.

-2-

## ALTER EGO ALLEGATIONS

8. Plaintiff is informed and believes and based thereon alleges that at all relevant times mentioned herein, SVA was the alter ego of Defendants.

9. Plaintiff is informed and believes and based thereon alleges that Defendants dominated, influenced and controlled SVA and SVA's business, property and affairs.

10. Plaintiff is informed and believes and based thereon alleges that, at all times mentioned herein, Defendants used SVA as a mere shell, instrumentality or conduit to conduct their personal business, property and affairs.

11. Plaintiff is informed and believes and based thereon alleges that Defendants treated SVA's assets as their own.

12. Plaintiff is informed and believes and based thereon alleges that Defendants disregarded corporate formalities in operating SVA.

13. Plaintiff is informed and believes and based thereon alleges that SVA operated to further a fraudulent plan, scheme or device conceived and executed by Defendants.

14. Plaintiff is informed and believes and based thereon alleges that at all times relevant hereto, SVA was undercapitalized and insolvent.

15. Plaintiff is informed and believes and based thereon alleges that Defendants used SVA to defraud creditors by using SVA as a shield against personal liability.

16. Plaintiff is informed and believes and based thereon alleges that Defendants and SVA were and/or are alter egos of each other, such that Defendants so owned, operated, managed, maintained and/or controlled the activities of SVA such that there existed a unity of interests and ownership between SVA and Defendants and the separate personalities of SVA and Defendants no longer exist and that SVA's corporate shell should rightly be disregarded in the interests of justice.

17. By virtue of the foregoing, adherence to the fiction of the separate corporate existence of SVA would, under the circumstances, sanction a fraud and promote injustice.

18. At all times relevant hereto, each of the Defendants was acting as the agent or employee of each and every Defendant. In doing the things alleged in the claims for relief described in this Complaint, each and every Defendant was acting within the course and scope of

this agency or employment and was acting with the consent, permission, and authorization of each of the remaining Defendants.

### STATEMENT OF STANDING

19.    Plaintiff has standing to bring this action under 11 U.S.C. §§ 307 and 727 and Federal Rule of Bankruptcy Procedure 7001(4).

### GENERAL ALLEGATIONS

**A.    Misappropriation of Investor Funds.**

20.    Prior to the filing, Defendants engaged in a scheme whereby Pradeep Singh solicited funds from individuals with the promise of investing the funds with SVA.

21.    On Schedule F, Defendants reported approximately $3.3 million in unsecured nonpriority debt owed to investors. Plaintiff is informed and believes and based thereon alleges that Pradeep Singh did not invest the funds he solicited. Plaintiff is informed and believes and based thereon alleges that Defendants converted the funds for their personal use.

**B.    To Avoid Personal Liability, Defendants Funnel Investor Funds Into SVA.**

22.    As part of their scheme, Pradeep Singh executed promissory notes with investors whereby SVA promised to repay each investor with a specified interest rate of return. The promissory notes contained standardized provisions promising that upon certain events of default SVA would pay, without demand or notice, the principal investment and earned interest, costs of collection and reasonable attorney fees. The standard provisions of the promissory notes falsely assured investors that their investments were secure.

23.    Plaintiff is informed and believes and based thereon alleges that Defendants used SVA as the borrower in order to avoid personal liability.

24.    Plaintiff is informed and believes and based thereon alleges that Singh did not inform investors that SVA was insolvent. Plaintiff is informed and believes and based thereon alleges that Defendants were insolvent.

**C.    Defendants Repay Earlier Investors To Prolong The Scheme And Avoid Detection.**

25.    To further the scheme and to avoid detection by investors, within one year of the Petition Date, Defendant paid prior investors with funds solicited from new investors. On his Statement of Financial Affairs, Defendant states that he paid $20,800 to investors within 90 days of

the Petition Date. SVA's bank records reflect approximately $400,000 in repayments to investors, including approximately $31,018.36 to Pradeep Singh, within one year of the Petition Date.

26. Plaintiff is informed and believes and based thereon alleges that the funds paid to earlier investors were not the proceeds of SVA's legitimate business activity.

27. Plaintiff is informed and believes and based thereon alleges that Defendants were insolvent within one year of the Petition Date.

28. Plaintiff is informed and believes and based thereon alleges that SVA was insolvent within one year of the Petition Date.

### D.   Defendants' Failure to Disclose Pre-Petition Business Transactions

29. On September 8, 2014, Defendants attended their 11 U.S.C § 341(a) meetings of creditors ("meeting of creditors"). Defendants testified, under oath, that their schedules were true and accurate and that they had disclosed all of their assets.

30. The U.S. Trustee subsequently submitted a document request to Defendants requesting that they produce, among other things, bank statements and financial documents for SVA.

31. The financial documents Defendants produced disclosed pre-petition payments to Pradeep Singh from SVA.

32. In response to the U.S. Trustee's inquiries, Defendants stated that Defendants loaned money to SVA and received monthly repayments. Defendants did not disclose loans that they made to SVA or any pre-petition payments they received from SVA in their schedules, amended schedules or statement of financial affairs.

33. Defendants also produced their state and federal tax returns. Defendants' 2013 federal tax returns referenced certain financial accounts. Defendants did not disclose the accounts on Schedule B. On the Statement of Financial Affairs, Defendants stated that they did not close any financial accounts in the year prior to the Petition Date.

### FIRST CLAIM FOR RELIEF

**(Denial of Discharge Against All Defendants Pursuant To 11 U.S.C. § 727(a)(2))**

34. Plaintiff realleges and incorporates each of the allegations contained in paragraphs 1 through 33 above, inclusive, as if set forth fully herein.

35.  11 U.S.C. § 727(a)(2) requires denial of a discharge if a debtor, with intend to hinder, delay or defraud a creditor has transferred, removed or concealed property of the debtor within one year before the date of the filing of the petition.

36.  Within one year of the Petition Date, Defendants transferred money from SVA, their alter ego, to prior investors to prevent the prior investors from discovering Defendants' misappropriation of investor funds.

37.  Within one year of the Petition Date, Defendants transferred money to and from SVA, their alter ego, to hinder, delay and defraud creditors.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as set forth herein below:

## SECOND CLAIM FOR RELIEF

**(Denial of Discharge Against All Defendants Pursuant to 11 U.S.C. § 727(a)(4))**

38.  Plaintiff realleges and incorporates each of the allegations contained in paragraphs 1 through 37 above, inclusive, as if set forth fully herein.

39.  Under 11 U.S.C. § 727(a)(4)(A), a Court shall not grant a debtor a discharge if the debtor knowingly and fraudulently, in connection with a case, made a false oath or account.  At their meetings of creditors, the Debtors affirmatively testified that their schedules and statement of financial affairs were true and correct.

40.  The U.S. Trustee is informed and believes, and based thereon alleges that the Defendants falsely testified to the accuracy of their schedules and statement of financial affairs. Defendants failed to disclose loans that they made to SVA or any pre-petition payments they received from SVA in their schedules, amended schedules or statement of financial affairs.

41.  The U.S. Trustee is informed and believes, and based thereon alleges that the false oaths in the Defendants' schedules and statement of financial affairs were done knowingly and fraudulently by the Defendants with the intent to withhold from the duly appointed Chapter 7 Trustee and creditors information relevant to the Defendants' property and financial affairs. Defendants' discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

**WHEREFORE,** Plaintiff prays for judgment against Defendants as set forth herein below:

## THIRD CLAIM FOR RELIEF

**(Denial of Discharge Against All Defendants Pursuant to 11 U.S.C. § 727(a)(5))**

42. Plaintiff realleges and incorporates each of the allegations contained in paragraphs 1 through 41 above, inclusive, as if set forth fully herein.

43. 11 U.S.C. § 727(a)(5) requires the denial of discharge where a debtor has failed to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities. Defendants failed to disclose their pre-petition loans and pre-petition repayments from SVA in their schedules. By failing to disclose their financial accounts and pre-petition transactions, Defendants have failed to explain satisfactorily the loss of assets or deficiency of assets to meet Defendants' liability.

44. Defendants' discharge should be denied pursuant to 11 U.S.C. § 727(a)(5).

**WHEREFORE,** Plaintiff prays for judgment against Defendants as set forth herein below:

## **PRAYER FOR RELIEF**

1. That the Court deny Defendants' discharge pursuant to 11 U.S.C. § 727(a)(2) and/or 11 U.S.C. § 727(a)(4) and/or 11 U.S.C. § 727(a)(5);

2. For costs of suit;

3. For reasonable attorney's fees, to the extent allowed by applicable law.

4. For such other and further relief as the Court deems just and proper.

Dated: January 9, 2015             UNITED STATES TRUSTEE FOR THE CENTRAL
                                   DISTRICT OF CALIFORNIA, REGION 16


                                   By:    /s/ Everett L. Green
                                          Everett L. Green
                                          Trial Attorney

-7-